**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LILLIE MAE WILLIAMS,<br><br>               Plaintiff,<br><br>v.<br><br>UNITED STATES OF<br>HOUSING AND DEVELOPMENT (HUD),<br><br>               Defendant. | Case No. 2:20-01808 (BRM) (JAD)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiff Lillie Mae Williams's ("Plaintiff") Complaint (ECF No. 1), Application to Proceed *In Forma Pauperis* ("IFP") (ECF No. 4).

When a non-prisoner seeks to proceed IFP under 28 U.S.C. § 1915, the applicant is required to submit an affidavit that sets forth his assets and attests to the applicant's inability to pay the requisite fees. *See* 28 U.S.C. § 1915(a); *Stamos v. New Jersey*, Civ. A. No. 095828 (PGS), 2010 WL 457727, at *2 (D.N.J. Feb. 2, 2010), *aff'd*, 396 F. App'x 894 (3d Cir. 2010) ("While much of the language in Section 1915 addresses 'prisoners,' section 1915(e)(2) applies with equal force to prisoner as well as nonprisoner *in forma pauperis* cases."); *Roy v. Penn. Nat'l Ins. Co.*, No. 14–4277, 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014) (citations omitted). The decision whether to grant or to deny the application should be based upon the economic eligibility of the applicant, as demonstrated by the affidavit. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976).

Having reviewed Plaintiff's IFP application, the Court finds leave to proceed IFP is warranted and the application is **GRANTED**. Therefore, the Court is required to screen Plaintiff's

Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Having review Plaintiff's filings and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, Plaintiff's Complaint is **DISMISSED**.

### I.    LEGAL STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a litigant proceeds *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B); *Stamos v. New Jersey*, Civ. A. No. 095828 (PGS), 2010 WL 457727, at *2 (D.N.J. Feb. 2, 2010), *aff'd*, 396 F. App'x 894 (3d Cir. 2010) (applying § 1915 to nonprisoners). When reviewing such actions, the PLRA instructs courts to dismiss cases that are at any time frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune. *Id*. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

Because Plaintiff is proceeding *in forma pauperis*, the applicable provisions of the PLRA apply to the screening of his Complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. In order to survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## II.   DECISION

On February 19, 2020, Plaintiff filed his Complaint against defendant United States of Housing and Development ("Defendant"). (ECF No. 1.) Plaintiff alleges Defendant failed to start Plaintiff's Section 8 Rental Assistance and failed to respond to Plaintiff's complaints. The specific allegations in support of Plaintiff's claims, however, are not clear.

Plaintiff contends her "body is on some kind of hazardous illegal equipment that causes pain and suffering and difficulty walking" and she "cannot see who is operating this equipment . . . and operated by members of criminal organizations that uses my personal social security number . . . and my professional health care license." (ECF No. 1 at 4.) She asks this Court to "find out the reasons my body is on this illegal equipment that causes pain and sufferings and difficulty walking" and "who give the defendants etc. permission to use my personal social security number in fraud and criminal operations." (ECF No. 1 at 4.)

Plaintiff fails to assert specific factual allegations in support thereof and fails to allege Defendant's involvement. Therefore, Plaintiff fails to state a claim upon which relief can be granted, and the Complaint is dismissed.

## III.   CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon

which relief can be granted. Plaintiff has 30 days to file a final amended complaint curing the deficiencies addressed herein. An appropriate Order follows.

Date: September 17, 2020                              */s/Brian R. Martinotti*
                                                      **BRIAN R. MARTINOTTI**
                                                      **UNITED STATES DISTRICT JUDGE**